UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMY WELLING,

                Plaintiff,

            -against-

COUNTY OF GREENE, GREGORY R. SEELEY, individually and in his official capacity as Greene County Sheriff, MICHAEL SPITZ, individually and in his official capacity as the Superintendent of the Greene County Jail, and EARNEST DUNN and DONALD SCHERMERHORN, individually and in their official capacities as corrections officers at the Greene County Jail,

                Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.: 1:13-CV-351 [GTS/CFH]

Plaintiff, AMY WELLING, by and through her attorneys, GREENBERG & GREENBERG, respectfully alleges the following, upon information and belief:

**NATURE OF THE ACTION**

1. This is a civil rights action, arising from the sexual abuse, harassment and exploitation, of Plaintiff, AMY WELLING, from on or about April 5, 2012, until early June 2012, when Plaintiff was an inmate confined at the Greene County Jail. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of her rights to be free from cruel and unusual punishment, guaranteed by the eighth, fifth and fourteenth amendments to the United States Constitution, and 42 U.S.C. §§1981, 1983, 1985 and 1986, and arising under Article I, §5 the of the New York State Constitution and laws of the State of New York, and an award of attorneys' fees, costs and disbursements pursuant to 42 U.S.C. §1988.

## JURISDICITON

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in this action to redress the deprivation of Plaintiff's rights secured by the fifth, eighth and fourteenth amendments to the United States Constitution, and the laws of the United States, 42 U.S.C. §§1981, 1983, 1985 and 1986.

3. In this civil action in which this court has original jurisdiction, as set forth in paragraph 2 above, pursuant to 28 U.S.C. §1367, this court also has supplemental jurisdiction over those related state law claims set forth herein, which arise out of the same common nucleus of operative facts as do plaintiff's federal claims, and the Court's exercise of such supplemental jurisdiction is appropriate here.

## VENUE

4. Pursuant to 28 U.S.C. §1391 (b) and (c), venue is proper in the Northern District of New York because the events and/or omissions giving rise to the claim occurred in the judicial district, and at least one defendant resides in the judicial district and all are residents of the state in which the judicial district is located.

## TRIAL

5. Plaintiff hereby requests a trial by jury.

## PARTIES

6. AMY WELLING, the Plaintiff herein, is a resident of the County of Greene, State of New York. On the dates of the incidents described in this complaint, Plaintiff was an inmate in the custody of the County of Greene, confined at the Greene County Jail, located in Catskill, Greene County, New York. Plaintiff is female. She is 27 years old.

7. Defendants are sued in both their individual capacities, and in their official capacities as officials of the County of Greene, as set forth more fully below.

8. At all times relevant to the events described in this complaint, the individual defendants were acting under color of state law.

9. The individual Defendants are all adult citizens of the United States, and are all residents of the State of New York, County of Greene.

10. At all times relevant to the events described in this complaint, Defendant EARNEST DUNN was a Corrections Officer, or guard, employed by the Greene County Sheriff's Department. Defendant EARNEST DUNN is male.

11. At all times relevant to the events described in this complaint, Defendant DONALD SCHERMERHORN was a Corrections Officer, or guard, employed by the Greene County Sheriff's Department. Defendant DONALD SCHERMERHORN is male.

12. When not referred to individually, Defendant EARNEST DUNN and Defendant DONALD SCHERMERHORN are collectively referred to herein as "Defendant Guards."

13. At all relevant times hereunder, Defendant MICHAEL SPITZ was the Superintendent of the Greene County Jail. As such, under the supervision of Defendant SHERIFF, Defendant MICHAEL SPITZ had responsibility for the day to day operations of the Greene County Jail, including security and the safe custody of prisoners, and management, supervision and training of guards at the jail.

14. At all relevant times hereunder, Defendant GREGORY R. SEELEY was, and is, the duly elected Sheriff of Greene County. As such, GREGORY R. SEELEY had overall responsibility for the lawful management and control of the Greene County Jail, including security and the safe custody of inmates. Defendant GREGORY R. SEELEY had ultimate

responsibility for the management, supervision and training of guards at the County Jail, including instituting policy, procedure, and practices regarding the safety and security of inmates, and the lawful discharge of duties by corrections staff, and for instituting corrective or disciplinary measures against staff when appropriate. Prior to his election to a first term as Sheriff, commencing on or about January 2008, Defendant GREGORY R. SEELEY was employed in various capacities by the Greene County Sheriff's Department.

15. Defendant COUNTY OF GREENE was and is a municipal entity existing under the laws and constitution of the State of New York, with a principle place of business in Catskill, New York. At all times relevant herein, Defendant COUNTY OF GREENE employed Defendant Guards and Defendant MICHAEL SPITZ.

## NOTICE OF CLAIM

16. On or about January 16, 2013, Plaintiff herein commenced a special proceeding in Supreme Court, Greene County, Index No 13-0042, seeking an Order pursuant to General Municipal Law Section 50-e(5), allowing Plaintiff herein to file and serve a late notice of claim against COUNTY OF GREENE, based on the incidents described herein. That proceeding was resolved by stipulation, in which COUNTY OF GREENE, through their attorney, consented to the filing of a late Notice of Claim, *nunc pro tunc*.

17. The notice of Claim was in writing, sworn to by the Plaintiff and contained the name and post office address of he plaintiff and plaintiff's attorney, the nature of the claim, time when, the place where, and the manner by which the claim arose, and the damages and injuries claimed to have been sustained.

18. More than thirty (30) days have elapsed since the demand and claim upon which this action is predicated against the defendants was presented to THE COUNTY OF GREENE

for adjustment and/or payment thereof, and it has neglected and/or refused to make any adjustment and/or payment.

19.  The Plaintiff herein was examined by the attorney for defendant COUNTY OF GREENE, pursuant to Section 50-H of the General Municipal Law, on February 13, 2013.

20.  This action has been commenced within one year and ninety days after the happening of the events upon which the claim is based.

### FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

21.  On or about April 5, 2012, Plaintiff AMY WELLING was sentenced to a term of six (6) months incarceration, in the custody of defendant COUNTY OF GREENE and defendant Sheriff GREGORY R. SEELEY. She was thereafter confined at the Greene County Jail, where she remained until transfer to another jail on or about June 2012. Plaintiff was released from custody on or about August 2, 2012.

22.  At the Greene County Jail, Plaintiff was housed, with other female inmates, in the female unit. The unit consisted of 12 individual cells, in two rows of 6 cells each.

23.  Defendants EARNEST DUNN and DONALD SCHERMERHORN were male guards regularly assigned to the female unit during the period of Plaintiff's incarceration at the Greene County Jail. Defendant EARNEST DUNN sometimes worked the 3:00 p.m. – 11:00 p.m. shift, and sometimes worked the overnight 11:00 p.m. – 7:00 a.m. shift. Defendant DONALD SCHERMERHORN also occasionally worked the overnight shift in the unit.

24.  Plaintiff first encountered Defendant EARNEST DUNN during the first week of her incarceration at the Greene County Jail. During her period of incarceration at the jail, he was on the unit at least twice each week.

25. At all times during Plaintiff's confinement in the female unit at Greene County Jail, there was only one guard assigned at a time to the unit.

26. Upon information and belief, the female unit is not monitored by any security cameras.

27. During the time she was incarcerated at the Greene County Jail, Plaintiff only saw a supervisory level official of the rank of sergeant on the female unit during the 7 a.m. to 3:00 pm shift.

28. Plaintiff was locked in her cell the better part of every day. She was allowed out of her cell for meals, recreation, and showers, with little or no variation in the schedule.

29. Plaintiff, like all female inmates, was dependent upon the guards assigned to the unit for protection, basic necessities (such as toilet paper and food), and exercise of privileges (such as showers and recreation).

30. Plaintiff, like many female inmates incarcerated in the United States, was particularly vulnerable to sexual abuse and/or exploitation by male authority figures, such as corrections officers, due to her own history of trauma because of sexual, physical and mental abuse by important men in her life, drug addiction, and the inherently imbalanced relationship between female inmates and their male captors.

31. Initially, Defendant EARNEST DUNN spent an extraordinary amount of time in front of Plaintiff's cell, engaging her in conversation and flirting with her. Thereafter, his conduct escalated as set forth more fully below.

32. On numerous occasions, Defendant EARNEST DUNN made inappropriate sexual comments and gestures to Plaintiff while standing outside Plaintiff's cell, such as indicating her performing fellatio on him and demanding other sexual favors.

33. On several occasions Defendant EARNEST DUNN requested that Plaintiff take her clothes off, and perform what he called a "strip show." Defendants gestured or verbally demanded that Plaintiff turn around, bend over, dance, and/or masturbate. Plaintiff complied with her captor's demands.

34. On multiple occasions, Defendant EARNEST DUNN passed written notes to Plaintiff through her cell bars, describing and demanding sexual acts. Defendant required Plaintiff to return the notes to him after she read them, which she did.

35. Almost every night that Defendant EARNEST DUNN was on duty on the female unit, he kept Plaintiff awake at night with his conduct described above.

36. On or about May 20, 2012, on Plaintiff's 27th birthday, Defendant EARNEST DUNN woke Plaintiff up during the night by pulling her hair, and then kissed her through the cell bars.

37. On another occasion, prior to 5:00 a.m., Defendant EARNEST DUNN woke Plaintiff up by pulling her hair. He then put his penis through the bars of the cell and demanded that plaintiff "give me a blowjob." Plaintiff complied with her captor's demands.

38. On multiple occasions, Defendant EARNEST DUNN stood outside Plaintiff's cell, staring at Plaintiff while she used the toilet.

39. Defendant EARNEST DUNN repeatedly told Plaintiff that she should not tell anyone about his conduct complained of herein. He told Plaintiff to remember that he knew where she lived, which was in close proximately to the jail.

40. On or about May 2012, Defendant DONALD SCHERMERHORN began visiting Plaintiff at her cell during his overnight shifts. He was very flirtatious with Plaintiff, and engaged in conversation of a sexual nature, alluding to sexual acts performed with Defendant

EARNEST DUNN. Defendant DONALD SCHERMERHORN wrote 4-5 letters to Plaintiff, which he always retrieved, requesting sexual favors and that Plaintiff meet with him after her release from jail.

41. There was no legitimate penological or other reason for the conduct of Defendant Guards complained of herein.

42. Other corrections staff was aware of the acts of Defendant Guards complained of herein.

43. Other similar sex crimes and improper sexual acts, as those set forth herein, occurred at the Greene County Jail at or around the time of Plaintiff's incarceration at the jail.

44. Defendants COUNTY OF GREENE, GREGORY SEELEY and MICHAEL SPITZ have an affirmative duty to protect inmates in their custody.

45. Defendant COUNTY OF GREENE, and defendants GREGORY SEELEY and/or MICHAEL SPITZ, did not bar male correctional officers from having unsupervised access to female inmates confined on the female unit at the Greene County Jail. Indeed, by their policies, practices, customs, and/or procedures, Defendants routinely allowed male correctional officers to be alone with female inmates.

46. Defendants COUNTY OF GREENE, GREGORY SEELEY and/or MICHAEL SPITZ, did not institute effective policies prohibiting sexual contact between inmates and staff, or in the alternative, did not enforce or sufficiently require staff compliance with any such policies.

47. Defendants COUNTY OF GREENE, GREGORY SEELEY and/or MICHAEL SPITZ failed to adequately train, supervise and manage corrections staff at the Greene County Jail to protect Plaintiff against the sexual exploitation, abuse and harassment of Plaintiff

complained of herein.

48. Defendants COUNTY OF GREENE, GREGORY SEELEY and/or MICHAEL SPITZ, knew or should have known about the risk of sexual exploitation, abuse and harassment presented by male corrections officers left alone to supervise female inmates. Moreover, defendants COUNTY OF GREENE, GREGORY SEELEY and MICHAEL SPITZ, were all aware of complaints made by inmates alleging sexual misconduct by corrections staff at the Greene County Jail prior to Plaintiff's incarceration at that facility.

49. The knowledge of the aforementioned risk of harm should have led a reasonable corrections official to anticipate the likely resultant injury to others, as that set forth herein by Plaintiff.

50. Notwithstanding their knowledge of the substantial risk of harm to Plaintiff and other female inmates, by sexual exploitation, harassment and abuse, by male guards left alone with female inmates, Defendants COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ disregarded that risk by failing to take reasonable measures to prevent the sexual misconduct complained of herein, resulting in injury to plaintiff.

51. Defendants COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ were grossly negligent in supervising and/or training subordinates, including but not limited to the Defendant Guards, and as a result of this grossly negligent supervision, Plaintiff was injured.

52. The acts and/or admissions of Defendants COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ created a permissible environment for the complained of sexual exploitation, abuse and harassment of Plaintiff complained of herein.

53. Defendants COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ, as a matter of policy, procedure, custom and/or practice, have, with deliberate indifference, failed to properly supervise and/or manage corrections staff, including defendants in this case, thereby causing or allowing corrections staff, including Defendant Guards in this case, to engage in unlawful conduct.

54. That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

55. By reason of the foregoing, Plaintiff has been damaged in an amount exceeding the jurisdictional limits of all lower courts.

56. As a direct and proximate cause of Defendants' acts and/or omissions complained of herein, Plaintiff's right to personal security and bodily integrity has been violated. She has suffered, and continues to suffer, extreme emotional trauma and psychological harm, including but not limited to emotional distress, suffering, shock, fright, fear, humiliation, embarrassment, mental anguish, and loss of self-esteem. She has further suffered deprivation of constitutional rights. She has incurred, or may incur, medical costs in connection with such injuries.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 AGAINST DEFENDANT GUARDS

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

58. Defendants EARNEST DUNN and DONALD SCHERMERHORN, acting independently and in concert with each other, and under color of law, by their acts complained of herein, maliciously and sadistically violated Plaintiff's right to personal security and integrity, in violation of Plaintiff's rights to be free from cruel and unusual punishment, and to substantive due process of law, as secured by the Fifth, Eighth and Fourteenth Amendments to the United

States Constitution, and the laws of the United States, 42 U.S.C. §1983, by subjecting Plaintiff to sexual exploitation, abuse, misconduct and/or harassment as set forth more fully hereinabove.

59. The aforementioned acts of defendants were intentional, willful, and malicious, and performed with reckless disregard and a deliberate indifference to plaintiff's rights.

60. As a result of the foregoing the Plaintiff has been damaged.

### AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. §1983 AGAINST DEFENDANT COUNTY AND OFFICIALS

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

62. Defendants COUNTY OF GREENE, GREGORY R. SEELEY and MICHAEL SPITZ, acting independently and/or in concert with each other, and under color of law, individually and/or vicariously, through its agents, servants and/or employees, were deliberately indifferent to Plaintiff's rights to be free from cruel and unusual punishment and substantive due process of law, as secured by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the laws of the United States, 42 U.S.C. §1983, demonstrated by the defendants' gross negligence in managing, supervising and/or training subordinates, and/or official policies, practices and/or customs, which caused and allowed the unconstitutional practices of Defendant Guards herein to occur, resulting in the deprivation of Plaintiff's constitutional rights.

63. As a result of the foregoing the Plaintiff has been damaged.

### AS AND FOR A THIRD CAUSE OF ACTION
### ASSAULT

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

65. As a result of the foregoing acts of sexual exploitation, misconduct, harassment and/or abuse, Defendants, individually and/or vicariously through their agents, servants, and/or employees, intentionally placed plaintiff in apprehension of imminent harmful and offensive bodily contact, thereby committing an assault upon her.

66. As a direct and proximate result of the misconduct and abuse of authority detailed herein, and as a result of the foregoing, Plaintiff has been damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BATTERY

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

68. As a result of the foregoing acts of sexual exploitation, misconduct, harassment and/or abuse, and by subjecting Plaintiff to sexual acts to which she could not by law consent, Defendants, individually and/or vicariously through their agents, servants, and/or employees, maliciously, recklessly, negligently and/or intentionally committed a battery upon Plaintiff.

69. That the occurrence and injuries sustained by plaintiff were caused solely by the malicious, reckless, negligent, and/or intentional conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, without any provocation on the part of the plaintiff contributing thereto.

70. As a direct and proximate result of the misconduct and abuse of authority detailed herein, and as a result of the foregoing, Plaintiff has been damaged.

## AS AND FOR A FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

72. By subjecting Plaintiff to the foregoing acts of sexual exploitation, misconduct, harassment and/or abuse, Defendants, individually and /or vicariously, by and through their agents, servants and employees, engaged in extreme and outrageous conduct, measuring beyond the reasonable bounds tolerated by decent society, and thereby intentionally, wantonly, recklessly, carelessly and/or negligently inflicting severe mental and emotional distress upon Plaintiff.

73. As a direct and proximate result of the misconduct and abuse of authority detailed herein, and as a result of the foregoing, Plaintiff has been damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

74. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein

75. That at all times herein, the defendants, COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ, their agents, servants and/or employees, carelessly, negligently, and/or recklessly trained, supervised, controlled, managed, maintained, and/or inspected the activities of the Defendant Guards herein.

76. That at all times herein, the defendants COUNTY OF GREENE, GREGORY R. SEELEY and/or MICHAEL SPITZ, their agents, servants and/or employees, caused, permitted and/or allowed its corrections officers, including specifically the Defendant Guards herein, to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out its official duties and/or responsibilities.

77. That the incidents, and the injuries resulting therefrom to Plaintiff, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff

contributing thereto.

78. As a direct and proximate result of Defendant's negligence herein, Plaintiff was sexually exploited, abused, and harassed by Defendant Guards, as more fully set forth hereinbefore, and as a result of the foregoing, Plaintiff has been damaged.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### GROSSLY NEGLIGENT SUPERVISION

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein

80. That at all times herein, the defendants, COUNTY OF GREENE, GREGORY R. SEELEY and MICHAEL SPITZ, their agents, servants and/or employees, were grossly negligent in training, supervising, controlling, managing, maintaining, and/or inspecting the activities of the Defendant Guards herein.

81. That at all times herein, the defendants COUNTY OF GREENE, GREGORY R. SEELEY and MICHAEL SPITZ, their agents, servants and/or employees, caused, permitted and/or allowed its corrections officers, including specifically the Defendant Guards herein, to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out its official duties and/or responsibilities, as a result of Defendants' grossly negligent supervision of Defendant Guards.

82. That the incident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

83. As a direct and proximate result of Defendant's gross negligence herein, Plaintiff was sexually exploited, abused, harassed by defendant guards, as more fully set forth hereinbefore, and as a result of the foregoing, Plaintiff has been damaged.

## AS AND FOR AN EITHTH CAUSE OF ACTION
## NEGLIGENCE

84. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

85. That the Defendants, individually and /or vicariously, by and through their agents, servants and/or employees, were negligent, reckless and careless in discharging their duty to provide for the safety of Plaintiff while in Defendants' custody.

86. That the incidents, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the Defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

87. As a direct and proximate result of Defendants' negligence herein, Plaintiff was sexually exploited, abused, harassed by Defendant Guards, as more fully set forth hereinbefore, and Plaintiff has been damaged.

## AS AND FOR A NINTH CAUSE OF ACTION
## STATE CONSTITUTION AGAINST DEFENDANT GUARDS

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

89. Defendants EARNEST DUNN and DONALD SCHERMERHORN, acting independently and/or in concert with each other, and under color of law, by their acts complained of herein, maliciously and sadistically violated Plaintiff's right to personal security and integrity, in violation of Plaintiff's rights to be free from cruel and unusual punishment, and to substantive due process of law, as secured by Article I, §5 of the New York State Constitution, by subjecting Plaintiff to sexual exploitation, abuse and/or harassment as set forth more fully hereinabove.

90. The aforementioned acts of defendants were intentional, willful, malicious and performed with reckless disregard and a deliberate indifference to Plaintiff's rights.

91. As a result of the foregoing, Plaintiff has been damaged.

### AS AND FOR A TENTH CAUSE OF ACTION
### STATE CONSTITUTION AGAINST DEFENDANT COUNTY AND OFFICIALS

92. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

93. Defendants, COUNTY OF GREENE, GREGORY R. SEELEY and MICHAEL SPITZ, acting independently and/or in concert with each other, and under color of law, individually and/or vicariously through its agents, servants and/or employees, were deliberately indifferent to Plaintiff's rights to be free from cruel and unusual punishment and substantive due process of law, as secured by the Article I, §5 of the New York State Constitution, demonstrated by the defendants' gross negligence in managing, supervising and/or training subordinates, and/or official policies, practices and/or customs, which caused and allowed the unconstitutional practices of Defendant Guards herein to occur, resulting in the deprivation of constitutional rights and injury to Plaintiff.

94. As a result of the foregoing Plaintiff has been damaged.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### FOR PUNITIVE DAMAGES

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

96. That the aforesaid occurrences and resulting injuries to Plaintiff were due to the willful, wanton, reckless and/or malicious conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees, and said conduct reflects the

utter indifference to and/or conscious disregard for and/or reckless disregard for the safety of others and specifically the safety and wellbeing of Plaintiff.

97.     By reason of the foregoing, Plaintiff has been damaged and should be awarded punitive damages.

**WHEREFORE**, the Plaintiff requests that Judgment be entered against the Defendants as follows:

A.    Declaratory Relief

(1) As to the seventh cause of action and as to the ninth cause of action, declare that defendants violated plaintiff's rights secured by the fifth, eighth and fourteenth amendments to the United States Constitution, and the laws of the United States, 42 U.S.C. §1983;

(2) As to the eighth cause of action and as to the tenth cause of action, declare that defendants violated plaintiff's rights secured by Article I, Section 5 of the New York State Constitution;

B.    As to the first through tenth causes of action, award compensatory damages to Plaintiff, from the defendants, jointly and severally, to compensate plaintiff for her pain, suffering and other hardships arising from defendants' unlawful acts and practices, in an amount to be fixed at trial but not less than Five Hundred Thousand and 00/100 ($500,000.00) Dollars;

C.    As to the first through eleventh causes of action, award punitive damages to Plaintiff in an amount to be fixed at trial but not less than Five Hundred Thousand and 00/100 ($500,000.00) Dollars;

D.    As to the first through eleventh causes of action, award to Plaintiff the costs and disbursements of this action;

E.    Award reasonable attorney's fees and costs to the Plaintiff pursuant to 42 U.S.C. §1983 and/or other applicable statutes; and

F.   Award such other and further relief as this Court may deem just, proper and equitable.

Dated: March 27, 2013

                              **GREENBERG & GREENBERG**

By: _____
      Mark D. Greenberg, Esq.
      Bar Code No. 508050
      Attorneys for Plaintiff
      AMY WELLING
      Four East Court Street
      Hudson, New York 12534
      Tel: (518) 828-3336
      Fax: (518) 828-9888